UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EDWIN O. GARCIA, <br><br> Plaintiff, <br><br> v. <br><br> MIDLAND MORTGAGE CO., <br><br> Defendant. | COMPLAINT <br><br> CASE NO. 1:21-cv-03173 <br><br> DEMAND FOR JURY TRIAL |

**COMPLAINT**

NOW comes EDWIN O. GARCIA ("Plaintiff"), by and through his undersigned attorneys, complaining as to the conduct of MIDLAND MORTGAGE CO. ("Defendant") as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. § 227 *et seq.* and the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") under 815 ILCS 505/1 *et seq.* for Defendant's unlawful conduct.

**JURISDICTION AND VENUE**

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C § 227, 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant conducts business in the Northern District of Illinois and a substantial portion the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

## PARTIES

4. Plaintiff is a natural person over 18 years of age residing in Cook County, Illinois, which lies within the Northern District of Illinois.

5. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

6. Defendant, itself a division of MidFirst Bank, is a mortgage servicer established for the purpose of providing and servicing home mortgages to consumers.[1] Defendant is a corporation organized under the laws of the state of Oklahoma who can be served through its Registered Agent at 501 N.W. Grand Boulevard, Oklahoma City, Oklahoma.

7. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

9. Prior to the conduct underpinning the instant claims, Plaintiff had previously filed a putative class action lawsuit against Defendant, with this Court, for Defendant's alleged violations of the TCPA ("prior lawsuit"). *See* Docket 1:20-cv-02628.

10. Plaintiff's prior lawsuit stemmed from alleged unconsented phone calls he received from Defendant to the same cellular phone at issue in the instant matter, and further alleged that Defendant continued to call Plaintiff despite Plaintiff informing Defendant it was calling the wrong person.

11. On July 8, 2020, Plaintiff filed a Notice of Voluntary Dismissal in connection with the previous lawsuit, resulting in the prior lawsuit being dismissed without prejudice.

---

[1] *See* https://www.mymidlandmortgage.com/.

12. Thereafter, beginning on or about February 23, 2021, Plaintiff again began receiving calls from Defendant to his cellular phone, (773) XXX-6519.

13. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -6519. Plaintiff is and has always been financially responsible for the cellular phone and its services.

14. Defendant has used (800) 552-3000 when placing calls to Plaintiff's cellular phone, but upon belief, it has used other numbers as well.

15. Upon information and belief, the above-referenced phone number is regularly utilized by Defendant during its communications with consumers.

16. A good number of these calls were unanswered and resulted in Defendant leaving prerecorded messages on Plaintiff's cellular phone identifying itself as Midland Mortgage and requesting a return phone call.

17. In addition to receiving continued prerecorded voicemail messages on his cellular phone, when Plaintiff would answer a phone call from Defendant, Plaintiff would experience silence and dead air, only for no representative of Defendant to be on the line, prompting Plaintiff to hang up.

18. Plaintiff did not enter into any business relationship with Defendant in any capacity.

19. Plaintiff has never given consent to Defendant to call him for any purpose, business or otherwise.

20. Upon information and belief, an acquaintance of Plaintiff's, Rodolfo Trujillo ("Trujillo"), gave out Plaintiff's number to Defendant, absent any authorization from Plaintiff.

21. At no point has Plaintiff provided consent to Defendant to be contacted in connection with Trujillo's presumptive account with Defendant.

22. Even further, Plaintiff had informed Defendant in late 2019/early 2020, in connection with the conduct giving rise to the prior lawsuit that he was not the intended party for Defendant's calls, and Defendant stated such calls would cease.

23. Defendant certainly knew or should have known that it should not be contacting Plaintiff's cellular phone number as a result of the prior lawsuit.

24. Nevertheless, about seven months after the prior lawsuit was voluntarily dismissed without prejudice, Defendant once again started contacting Plaintiff's cellular phone as described above even though Plaintiff never had a business relationship with Defendant nor re-consented to be called during this time period,

25. Plaintiff has received no less than 20 phone calls from Defendant, and similarly received no less than 10 prerecorded messages from Defendant, between February 2021 and up until the filing of this Complaint, despite Plaintiff never providing prior express consent to Defendant for such calls.

26. Frustrated over Defendant's conduct, Plaintiff spoke with his undersigned attorney regarding his rights, resulting in exhausting time and resources.

27. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

28. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies unconsented-to telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of his telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on his cellular phone, and diminished space for data storage on his cellular phone.

COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

29. Plaintiff repeats and realleges paragraphs 1 through 22 as though fully set forth herein.

30. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using prerecorded or artificial voice messages, without their consent.

31. Defendant's use of prerecorded messages in its contacts made towards Plaintiff is within the ambit of the TCPA.

32. Defendant violated the TCPA by placing repeated and persistent phone calls using prerecorded messages to Plaintiff's cellular phones absent prior express consent. Plaintiff never consented to receiving any calls from Defendant, let alone calls made using prerecorded or artificial voice messages. Any consent that may have been provided in connection with Plaintiff's cellular phone was explicitly revoked by the information provided by Plaintiff to Defendant, and certainly through Plaintiff's filing of the prior lawsuit.

33. The calls placed by Defendant to Plaintiff were reasonably believed to be regarding business activity and were not for emergency purposes as defined by the TCPA under 47 U.S.C. § 227(b)(1)(A)(i).

34. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C). As outlined above, Defendant knew, or should have known, that it lacked prior express consent to contact Plaintiff's cellular phone using prerecorded messages, yet consciously chose to do so in direct violation of the TCPA.

WHEREFORE, Plaintiff, EDWIN O. GARCIA, respectfully requests that this Honorable Court grant the following:

    a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

    b. Awarding damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

    c. Awarding Plaintiff costs and reasonable attorney fees;

    d. Enjoining Defendant from further contacting Plaintiff; and

    e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

35. Plaintiff restates and realleges paragraphs 1 through 34 as though fully set forth herein.

36. Plaintiff is a "person" and "consumer" as defined by 815 ILCS 505/1(c) and (e) of the ICFA.

37. Defendant's collection calls to Plaintiff are "trade" and "commerce" as defined by 815 ILCS 505/1(f) of the ICFA.

38. The ICFA states:

> "Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby." 815 ILCS 505/2.

39. Defendant violated 815 ILCS 505/2 by engaging in an unfair and deceptive act or practice in contacting Plaintiff. It was unfair for Defendant to relentlessly contact Plaintiff using prerecorded message when it had no reason or permission to do so. Defendant was attempting to contact an entirely different person, and should have known, especially considering the prior lawsuit, that such phone calls should not have been made. The fact Defendant placed these calls in light of the circumstances underscores the unfair and egregious nature of Defendant's conduct.

40. The ICFA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

41. The ICFA further states:

> "Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper." 815 ILCS 505/10a.

42. As pled in paragraphs 25 through 28, Plaintiff has suffered actual damages as a result of Defendant's unlawful collection practices. As such, Plaintiff is entitled to relief pursuant to 815 ILCS 505/10a. An award of punitive damages is appropriate because Defendant's conduct was outrageous, willful and wanton, and showed a reckless disregard for the rights of Plaintiff. Defendant was calling Plaintiff to find an individual it knew or should have known cannot be reached at Plaintiff's number. Defendant had ample reasons to be aware of the fact that it was calling the wrong person, including the nature of the prior lawsuit. Yet, Defendant relaunched its campaign of phone calls with the intent to secure payment, no matter if it was from the customer actually owing the debt, or Plaintiff. Defendant contacted Plaintiff no less than 20 times regarding another person's account. Upon information and belief, Defendant regularly engages in the above described behavior against consumers in Illinois and for public policy reasons should be penalized.

WHEREFORE, Plaintiff, EDWIN O. GARCIA, respectfully requests that this Honorable Court enter judgment in his favor as follows:

   a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

   b. Awarding Plaintiff actual and punitive damages, in an amount to be determined at trial, for the underlying violations;

   c. Awarding Plaintiff costs and reasonable attorney fees;

    d. Enjoining Defendant from further contacting Plaintiff; and

    e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: June 14, 2021                                                          Respectfully submitted,

| | |
|---|---|
| s/ Nathan C. Volheim<br>Nathan C. Volheim, Esq. #6302103<br>*Counsel for Plaintiff*<br>Admitted in the Northern District of Illinois<br>Sulaiman Law Group, Ltd.<br>2500 South Highland Ave., Suite 200<br>Lombard, Illinois 60148<br>(630) 568-3056 (phone)<br>(630) 575-8188 (fax)<br>nvolheim@sulaimanlaw.com | s/ Eric D. Coleman<br>Eric D. Coleman, Esq. # 6326734<br>*Counsel for Plaintiff*<br>Admitted in the Northern District of Illinois<br>Sulaiman Law Group, Ltd.<br>2500 South Highland Ave., Suite 200<br>Lombard, Illinois 60148<br>(331) 307-7648 (phone)<br>(630) 575-8188 (fax)<br>ecoleman@sulaimanlaw.com |

s/Alejandro E. Figueroa
Alejandro E. Figueroa, Esq. #6323891
*Counsel for Plaintiff*
Admitted in the Northern District of Illinois
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 575-8181 ext. 120 (phone)
(630) 575-8188 (fax)
alejandrof@sulaimanlaw.com